IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| VS. | § | CRIMINAL NO. H-07-406 |
| | § | |
| MICHAEL D. KIM | § | |

**ORDER**

The defendant has filed a motion under Rule 45 of the Federal Rules of Criminal Procedure to extend the time to file motions for new trial and for acquittal under Rules 29 and 33. (Docket Entry No. 84). The government objects. (Docket Entry No. 86). The defendant was convicted on September 2, 2008 but did not file the motion for extension until November 5, 2008. Counsel filing the motion substituted in for trial counsel on October 21, 2008.

Rule 29(c)(1) provides: "A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later." Under Rule 33(b)(2), a defendant must file a motion for new trial within seven days after the verdict.

Rule 45(b) permits the court to extend time for good cause on a party's motion made before the originally prescribed or previously extended time expires, or after the time expires if the party failed to act because of excusable neglect. Fed.R.Crim.P. 45(b). The Committee

Note to Rule 45 explains:

> The defendant is still required to file motions under Rules 29, 33, and 34 within the seven-day period specified in those rules. The defendant, however, may consistently with Rule 45, seek an extension of time to file the underlying motion as long as the defendant does so within the seven-day period. But the court itself is not required to act on that motion within any particular time. Further, under Rule 45(b)(1)(B), if for some reason the defendant fails to file the underlying motion within the specified time, the court may nonetheless consider that untimely motion if the court determines that the failure to file it on time was the result of excusable neglect.

Fed.R.Crim.P. 45 Committee Note (2005).

In the present case, the defendant failed to request an extension within the seven-day period under Rule 45(b)(1)(A). Under Rule 45(b)(1)(B), because the defendant's motion was filed after the specified seven-day period for filing a motion for new trial required by Rule 33, this court can only grant the motion for extension if the failure to file a timely motion for new trial was the result of excusable neglect.

In determining whether excusable neglect exists, a district court must weigh the four equitable factors outlined in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). *See Pincay v. Andrews,* 389 F.3d 853, 860 (9th Cir.2004). Those factors are: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. *Pincay,* 389 F.3d at 855.

With respect to the first factor, in this case, there is no danger of prejudice to the government. The government is in the same position to respond to a new trial motion as it

would have been had the defendant filed his motion on time. The first factor weighs in favor of the defendant.

With respect to the second factor, the length of the delay is not merely a matter of days, but the defendant has not yet been sentenced. The second factor does not weigh in favor of either party.

As to the third factor, there is no explanation of the delay other than the fact that the defendant changed lawyers in October 2008. There is no allegation or indication of ineffective assistance in the pretrial or trial of this case. *See United States v. Clark,* 193 F.3d 845, 847 (5th Cir.1999). In *Clark,* the defendant alleged that he asked his attorney to file an appeal and his attorney refused to do so. Although the court dismissed the appeal on other grounds, it concluded that if Clark's allegations were true, that would be sufficient to establish excusable neglect. The same cannot be said here. This factor weighs against the defendant.

With respect to the fourth factor, there is no bad faith apparent in the defendant's conduct.

Considering the factors together, there is no basis for finding excusable neglect for the defendant's failure to file a timely motion for new trial. The motion for extension of time to file a new trial motion or motion for acquittal is denied.

SIGNED on November 21, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge