## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-07-406 |
| | § | |
| MICHAEL D. KIM | § | |

## MEMORANDUM AND ORDER

The defendant was convicted by a jury on September 2, 2008. He was represented by retained counsel who conducted a vigorous defense on behalf of his client. On November 5, 2008, new retained counsel moved for an extension of time under Rule 45 of the Federal Rules of Criminal Procedure to file a motion for a judgment of acquittal and motion for new trial. The government opposed on the ground that there had been no showing of excusable neglect. This court agreed and denied the motion. The defendant has now filed a motion for reconsideration.

The primary basis for the motion is that prior counsel rendered ineffective assistance in failing to renew the motion for judgment of acquittal – which had been urged at the close of the government's case – at the close of all the evidence. Rule 29 governs motions for a judgment of acquittal and Rule 33 governs motions for new trial. Rule 29 requires that a defendant (or his counsel) "move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict . . . ." FED. R. CRIM. P. 29. Similarly, unless a motion for new trial is "grounded on newly discovered evidence," Rule 33 requires such a motion to be filed "within 7 days after the verdict or finding of guilty." FED. R. CRIM. P. 33. When a motion

for judgment of acquittal or a new trial is filed outside the time frames allowed by Rule 29 or 33, Rule 45 may provide an avenue for the court to reach the merits of the motion. *See, e.g., United States v. Walton,* 2007 WL 2108118, at *8 (E.D. Pa. July 20, 2007) (applying Rule 45(b)(1)(B) to Rule 33(b)(2)); *United States v. Dade,* 2006 U.S. Dist. LEXIS 76286, at *7 (D. Idaho Oct. 19, 2006) (concluding "the Court may still consider Defendant's motion for new trial if he shows excusable neglect for not filing the motion in a timely manner"). Rule 45(b), in pertinent part, provides:

> (1) *In General.* When an act must be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . (B) after the time expires if the party failed to act because of excusable neglect.
>
> (2) *Exception.* The court may not extend the time to take any action under Rule 35, except as stated in that rule.

FED. R. CRIM. P. 45(b).[1]

The determination of whether excusable neglect exists "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In making this determination, the court must consider four factors: (1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for that delay, including whether it was within the

---

[1] Rule 45(b)(2) was amended in December 2005. The former Rule 45(b)(2) provided: "The court may not extend the time to take any action under *Rules 29, 33, 34, and 35,* except as stated in those rules." Former FED. R. CRIM. P. 45(b)(2) (emphasis added). The 2005 amendment removed the constraints placed on the court for motions filed under Rules 29, 33, and 34 of the Federal Rules of Criminal Procedure. *See* FED. R. CRIM. P. 45(b)(2).

reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer,* 507 U.S. at 395; *see also Stutson v. United States,* 516 U.S. 193, 196, 116 S.Ct. 600, 133 L.Ed.2d 571 (1996) (suggesting the *Pioneer* factors apply in the criminal context); *Kohl's Dep't Stores, Inc. v. Levco-Route 46 Assoc., L.P.,* 121 F. App'x 971, 974-76 (3d Cir. 2005) (not precedential) (discussing "excusable neglect" in the context of Fed. R. Civ. P. 60(b)(1)).

This court considered each of these factors in its prior order and concluded that the record provided no basis to find excusable neglect. The motion for reconsideration argues ineffective assistance of prior counsel in failing to renew the motion for judgment of acquittal after the close of all the evidence. But the motion does not identify any basis to find excusable neglect in the delay in filing a motion for new trial or judgment of acquittal after the jury verdict. After again considering the factors, the court again concludes that there is no basis to find excusable neglect in failing to file a timely motion for new trial or judgment of acquittal.

The motion for reconsideration, Docket Entry No. 92, is denied.

SIGNED on January 5, 2009, at Houston, Texas.

                                                    Lee H. Rosenthal
                                                    United States District Judge